S00Y0903, S00Y0923. IN THE MATTER OF JOHN D. WATKINS
(two cases).
(534 SE2d 794)

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the Review Panel which found that Respondent John D. Watkins violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 28 (a lawyer shall not knowingly use a client's confidence or secret to the lawyer's advantage unless the client consents after full disclosure); 30 (except with the written consent of or written notice to his client after full disclosure, a lawyer shall not accept or continue employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests); 31 (a lawyer shall not charge or collect a clearly excessive fee); 33 (a lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has given informed consent); 42 (a lawyer shall not practice in the form of a professional corporation authorized to practice law for a profit if a non-lawyer owns any interest in the corporation); 45 (b) (a lawyer shall not knowingly make a false statement of law or fact during his representation of a client); 45 (f) (a lawyer shall not settle a legal claim without obtaining proper authorization from his client); 65 (A) (a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property held in a fiduciary capacity); and 65 (D) (all funds held by a lawyer for a client or held in any other fiduciary capacity shall be deposited in and administered from the lawyer's trust account) of Bar Rule 4-102 (d). The State Bar filed Formal Complaints in each matter; Watkins answered; and the special master, after conducting hearings, filed reports recommending a minimum six-month suspension in one disciplinary matter and a minimum two-year suspension in the second matter with the condition that Watkins not be reinstated until he repaid client funds. After Watkins appealed both recommendations

by the special master, the Review Panel issued its report consolidating the two cases and recommending disbarment as the appropriate sanction for Watkins' violations. We agree with the Review Panel's recommendation.

In the first disciplinary, Watkins agreed to represent a client in a personal injury case for a 40 percent contingency fee after the client was injured in an automobile accident in April 1991. In September 1991, the client was incarcerated on drug charges and Watkins subsequently settled the personal injury claim for $13,500 in May 1992 without the client's permission. Although the client did not sign either the release or settlement check and did not authorize Watkins to sign or have them signed, Watkins signed as a witness on the release; presented the release to the insurance company without disclosing that the client had not signed it; endorsed the check with his own name; and either placed the client's name on the check or allowed the client's mother to sign the check. Watkins subsequently received the settlement funds in a fiduciary capacity but failed to place the funds into his trust account. Although Watkins was due a $5,400 fee, he commingled the $8,100 balance with his own funds; failed to account to the client for the funds; and when the client contacted him in April 1997 after the client's release from prison, Watkins told the client that he had taken his contingency fee and applied $7,500 of the balance to another person's unpaid legal fees although the client never gave Watkins permission to use the funds to pay the other person's legal fees. By his conduct in this matter, Watkins violated Standards 4, 45 (b), 45 (f), 65 (A), and 65 (D) of Bar Rule 4-102 (d).

In the second disciplinary matter, a grievance was filed by another attorney on behalf of a client that Watkins met more than 20 years ago and for whom he occasionally provided legal services. In the course of handling the client's legal matters, Watkins learned about her finances and, in 1993, borrowed $30,000 from her, stating that he would use the proceeds in his law practice. Watkins did not provide the client with a promissory note or any documentation regarding the terms of the loan; did not disclose to the client that they had conflicting interests in the transaction; did not receive the client's consent to continue with the transaction in spite of the conflict; and continued to represent the client. When the client eventually asked Watkins to repay the loan with interest, Watkins gave the client a stock certificate for 124 shares of stock in his law firm, a professional corporation composed of legal practitioners, as security for the loan and told the client that the stock had value to her, even though it did not as the client was not a lawyer. Watkins failed to repay the client and although he suggested that he was entitled to keep the money to offset unpaid legal bills, he was unable to provide

any proof that the client owed him any money. Watkins admitted that the client paid him all she owed in fees as of November 1, 1995, and could not produce proof that he provided subsequent legal services of any significance.

During the period between August and November 1995, Watkins also collected $20,000 in legal fees from the client, which was a clearly excessive amount in light of the work performed which consisted of drafting a simple will in August 1995 and representation in relation to a June 1995 automobile accident. Regarding the automobile accident, Watkins agreed to represent the client without informing her that her insurer would be obligated to cover the cost of her defense if she faced a claim; did not perform any significant legal services related to the accident; and did not keep any time records to justify his charges. There were no claims filed against the client regarding the accident and no damages paid to the other parties. The client never received an itemized invoice from Watkins but promptly paid him whenever he requested payment. By his conduct in this matter, Watkins violated Standards 4, 28, 30, 31, 33, 42, and 45 (b) of Bar Rule 4-102 (d).

We have reviewed the record in this matter and, although we note that Watkins has no prior disciplinary record, we agree with the Review Panel that disbarment is warranted as a result of Watkins' violations of Standards 4, 28, 30, 31, 33, 42, 45 (b), 45 (f), 65 (A), and 65 (D) of Bar Rule 4-102 (d). Accordingly, Watkins is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.